## A90A1966. JENKINS v. THE STATE.
### (403 SE2d 859)

BIRDSONG, Presiding Judge.

Hal Leroy Jenkins appeals his conviction for driving under the influence of alcohol. He contends the trial court erred by denying his motions to suppress the results of the prosecution's blood alcohol test because he was not given the opportunity to conduct an independent test, to suppress a police officer's testimony about certain statements Jenkins made, and to suppress the results of the intoximeter test. He also contends the trial judge erred by not granting a motion for a directed verdict of acquittal and by not charging the jury that the prosecution did not present evidence that the intoximeter was recently calibrated. *Held*:

1. Jenkins argues that the blood alcohol test results should have been suppressed because he was denied the opportunity to secure an independent blood test. See OCGA § 40-6-392 (a) (3); *State v. Buffington*, 189 Ga. App. 800 (377 SE2d 548).

"The credibility of witnesses is a question for the trier of fact. Sufficient evidence was presented from which the trial court could rightly conclude that a reasonable effort was made to accommodate the defendant's request for an independent test and that he was not prevented by any action on the part of the law enforcement authority from obtaining the test." *Gray v. State*, 194 Ga. App. 811, 812 (392 SE2d 290). The transcript of the hearing on this motion shows that Jenkins was offered the opportunity to obtain such a test but that the medical facility Jenkins selected refused to perform the test. Thereafter, when again offered the opportunity to have an independent test conducted, Jenkins did not select another facility, but became argumentative with the police officers. Based upon this evidence, the trial court found that Jenkins was afforded a reasonable opportunity to make arrangements for an independent test, but that he had not done so. "[I]t is not the officer's duty to insure the performance of an independent test." *State v. Buffington*, supra at 801. Under these circumstances the trial court did not err by denying Jenkins' motion. See OCGA § 40-6-392 (a) (3); *Gray v. State*, supra.

2. Jenkins contends the trial court erred by not suppressing his out-of-court statements to the police because he was not warned of his rights prior to making the statements. " 'On appeal of the denial of a motion to suppress, the evidence is to be construed most favora-

bly to the upholding of the findings and judgment made. The trial court's findings must be adopted unless determined to be clearly erroneous.'" *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295). Review of the transcript shows that the trial court admitted the out-of-court statements after finding as a matter of fact that Jenkins' statements were not the result of a custodial interrogation, but instead were made spontaneously. Under these circumstances no warnings were required because there was no interrogation, and the trial court did not err by admitting the statements. *Beeks v. State*, 225 Ga. 200, 201 (167 SE2d 156).

3. Jenkins also contends the trial court erred by admitting the results of the intoximeter test because the prosecution did not introduce evidence that the intoximeter had been calibrated. Assuming without deciding that such a basis for excluding this evidence exists (compare *Calloway v. State*, 191 Ga. App. 383 (1) (381 SE2d 598) (presumption of calibration)), no objection was made at the time the evidence of the intoximeter results was offered, and therefore Jenkins waived any error on this issue. *Glisson v. State*, 165 Ga. App. 342, 343 (301 SE2d 62). Further, the record shows that Jenkins later attempted to exclude this evidence by an oral motion to suppress. As such oral motions are not authorized in any event (OCGA § 17-5-30 (b)), the trial court did not err by denying the motion.

4. Jenkins also asserts that the trial court erred by denying his motion for a directed verdict of acquittal because the State did not introduce evidence that he was a less safe driver. There is no requirement that the State prove that Jenkins committed an unsafe act. *Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268). "[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125, 127 (312 SE2d 311). Considering the evidence regarding the degree of Jenkins' intoxication, especially when coupled with the evidence regarding his actions that night, the evidence did not demand a verdict of acquittal. Viewing the evidence in the light most favorable to the verdict (*Watts v. State*, 186 Ga. App. 358 (366 SE2d 849)), we find "ample evidence from which any trier of fact could conclude beyond a reasonable doubt that [Jenkins] was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

5. Finally, Jenkins contends that the trial court erred by not charging the jury that the prosecution failed to introduce evidence that the intoximeter test was conducted by a properly trained tester on a properly approved and operating machine. He cites *McElroy v. State*, 173 Ga. App. 685 (327 SE2d 805), as authority for this proposition, but *McElroy v. State* contains no such requirement and we find none elsewhere. The question of admissibility is for the trial judge,

not the jury, and we see no useful purpose in charging the jury on matters not within the scope of their responsibilities. *Birt v. State*, 236 Ga. 815, 828 (225 SE2d 248); *White v. State*, 230 Ga. 327, 338 (196 SE2d 849). This enumeration of error is also without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1991.

*James B. Blackburn, Jr.*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Douglas G. Andrews*, Assistant District Attorney, for appellee.