A92A0824. THE STATE v. DAVIS.
(424 SE2d 878)

JOHNSON, Judge.

Stallan Davis gave consent to be searched by a police officer. During the search, the officer saw Davis place suspected cocaine on a nearby wall. Davis was charged with possession of cocaine with intent to distribute. Davis filed a pre-trial motion to suppress admission of the cocaine into evidence. The trial court granted the motion, holding that Davis was unlawfully detained without reasonable suspicion, thereby tainting the consent search. The State appeals.

"Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief 'seizures' that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause.

"A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person." (Citations and punctuation omitted.) *State v. Jackson,* 201 Ga. App. 810, 813-814 (2) (412 SE2d 593) (1991).

In the instant case, two police officers approached three males, including Davis, and one female as they stood on a street in a well-known drug area. One of the officers began speaking with Davis while

the other officer spoke with one of the other males. The female walked away from the officers. The officer speaking with Davis explained that they were in the area "for street level drug enforcement." Davis, in response to a question by the officer, stated that he was not in possession of any drugs. The officer then said, "Do you mind if I search you?" Davis replied, "No, I don't mind." Davis never attempted to terminate the conversation or walk away from the officer. The officer never threatened Davis or promised him any benefit for consenting to the search. There is no evidence in the record that either officer displayed a weapon, physically touched Davis or used language or tone of voice indicating that compliance with the officer's request might be compelled.

Based on this evidence, we are compelled to find, as a matter of law, that Davis was not seized within the meaning of the Fourth Amendment. Rather, the encounter was simply a communication between the police and Davis involving no coercion or detention and therefore without the compass of the Fourth Amendment. Because such an encounter need not be supported by reasonable suspicion, the trial court erred in holding that Davis' consent to the search was tainted due to the lack of reasonable suspicion. The only evidence in the record affirmatively shows that Davis voluntarily agreed to allow the officer to search him. Compare *State v. Jackson*, supra at 815. Accordingly, the trial court erred in granting Davis' motion to suppress.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 10, 1992.

*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney*, for appellant.
*John H. Jacobs*, for appellee.