## A99A0948. WHISENANT v. THE STATE.
(521 SE2d 204)

BARNES, Judge.

Randy Whisenant was arrested and charged with violating the Georgia Controlled Substances Act by possessing cocaine. He moved the trial court to suppress the cocaine evidence on the ground that he had been improperly seized before he was searched, and the court denied the motion. Whisenant agreed to a bench trial, stipulating that venue was proper and that the results of crime lab testing showed cocaine residue in a crack pipe taken from his pocket. The trial court found him guilty, and he appeals the denial of his motion to suppress. We affirm.

The arresting officer testified that he was patrolling in his marked police car when he saw Whisenant and another man sitting on a retaining wall in what was known as an "extremely high crime, high drugs" area. He stopped his cruiser because the police had received frequent complaints about strangers in the front yards in the area and asked Whisenant and his companion if they lived there. They answered no, and he asked if they had any identification on them. They again answered no, and he asked if they had "any dope, any guns, anything" on them. Whisenant answered, "I got a shooter in my pocket," a "shooter" being anything used to smoke crack. The officer got out of his car, patted down Whisenant, and found a clear glass tube with a copper pad in the end. The officer arrested Whisenant, and subsequent testing revealed that the "shooter" contained cocaine residue.

Since the evidence is uncontroverted and neither party questions

the officer's credibility, we review de novo the trial court's application of search and seizure law to the undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

> Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause.

(Citations and punctuation omitted.) *State v. Jackson*, 201 Ga. App. 810, 813 (2) (412 SE2d 593) (1991).

Whisenant argues his encounter with the police officer was a brief "seizure" that fell within the second tier, and that the officer had no reasonable suspicion that warranted his stop and search.[1] The State argues, on the other hand, that this incident was a first-tier citizen-police encounter involving no coercion or detention.

A police officer who questions an individual about his identity is merely conducting a first-tier citizen-police encounter that does not raise Fourth Amendment concerns. *Aranda v. State*, 226 Ga. App. 157, 158-159 (1) (486 SE2d 379) (1997). Therefore, the issue in this case boils down to whether the officer's third question, asking Whisenant if he had "any dope, any guns, anything" on him, constituted a second-tier brief seizure. If it does, then the mere fact that Whisenant was sitting in a high-crime, high-drug area does not constitute a "reasonable suspicion" that would support a brief seizure. See *Barnes v. State*, 228 Ga. App. 44, 46 (491 SE2d 116) (1997). If asking the third question does not constitute a seizure, then Whisenant himself provided the probable cause for his subsequent arrest and search (see OCGA § 16-13-32.2), and the trial court properly declined to suppress the evidence.

> A person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer,

---

[1] While Whisenant's enumeration of error claims the evidence should have been suppressed due to an illegal stop *and search*, he does not argue in any detail that the officer's search subsequent to the questioning violated the Fourth Amendment.

some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.

(Citations and punctuation omitted.) *State v. Davis*, 206 Ga. App. 238 (424 SE2d 878) (1992).

In *Davis*, two police officers walked up to three men standing in a "well-known drug area." In response to a question, Davis said he did not have any drugs and then gave his consent to being searched. We held that "Davis was not seized within the meaning of the Fourth Amendment. Rather, the encounter was simply a communication between the police and Davis involving no coercion or detention and therefore without the compass of the Fourth Amendment." Id. at 239.

The evidence before us in this case shows the police officer stopped to question Whisenant in an "extremely high crime, high drugs" area. The officer was in his police car, separated from Whisenant by a traffic lane, speaking through an open window. He used a conversational tone of voice, did not draw his weapon, and did not get out of the car until Whisenant said he had a shooter in his pocket. The evidence supports the conclusion that Whisenant was not seized when the police officer questioned him. Accordingly, the trial court did not err in denying Whisenant's motion to suppress.

*State v. Williams*, 225 Ga. App. 736 (484 SE2d 775) (1997), cited by Whisenant to support his argument that he was illegally seized, is distinguishable. In *Williams*, we upheld the trial court's factual determination that Williams did not voluntarily consent to a search conducted without articulable suspicion or probable cause. Consent is not an issue in this case; the issue is whether Whisenant was "seized" before the search.

Judgment affirmed. *Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 21, 1999.

*Clarke & Anderson, James S. Anderson,* for appellant.
*Patrick H. Head, District Attorney, Ann B. Harris, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.