593 S.E.2d 891 (2004)
265 Ga. App. 369
In the Interest of A. A., a child.
In the Interest of J. H., a child.
Nos. A04A0002, A04A0003.
Court of Appeals of Georgia.
January 30, 2004.
*893 Timothy T. Herring, Charles B. Pekor, Jr., Atlanta, for appellants.
Tammy M. Griner, Griffin, for appellee.
*892 ANDREWS, Presiding Judge.
The juvenile court adjudicated A.A. and J.H. delinquent for curfew violation, OCGA § 15-11-2, and minor in possession of alcoholic beverage, OCGA § 3-3-23. In addition, A.A. was adjudicated delinquent for driving under the influence, OCGA § 40-6-391, and possession of marijuana, OCGA § 16-13-30. On appeal, the juveniles argue that the evidence was insufficient and that the court erred in denying their motion to suppress. For reasons which follow, we conclude *894 there was no reversible error and affirm.
Viewed in the light most favorable to the juvenile court's findings and judgment, the evidence was that a police officer on patrol saw a truck pull out of an elementary school parking lot at 2:30 a.m. Because there had been incidents of vandalism at the school, the officer became suspicious and followed the truck. The truck made several turns and finally drove into a residential area and down a street ending in a cul-de-sac. The truck "hesitated" for quite a while in the cul-de-sac, and then, as the officer's car approached, quickly pulled into a driveway and stopped. The officer pulled up behind the truck, got out of his car, and walked up to the driver's side window. There were two boys and two girls inside and the officer noticed that the driver's eyes were bloodshot and there was a strong odor of alcohol coming from the vehicle. The officer asked if anyone lived in the house and they all said no.
The officer asked A.A., who was driving, to get out of the truck. When questioned, both A.A. and J.H. admitted to drinking a "couple of beers." A.A. agreed to submit to a field sobriety test. A.A. was able to complete two of the tests but failed the horizontal gaze and nystagmus test. Based on this and A.A.'s admission that he had been drinking, his demeanor and bloodshot eyes, and the strong odor of alcohol on his breath, the officer arrested him for DUI. A.A. later agreed to take an Intoxilyzer test that showed his blood alcohol content to be 0.025 percent.
Officers found a plastic container that had recently been used to smoke marijuana under the driver's seat and some loose marijuana on the floor of the truck "in the area of the driver's seat." The officer stated that one of the girls admitted to bringing the marijuana and told the officer they had smoked it all.
1. In their first enumeration of error, A.A. and J.H. claim the juvenile court erred in denying their motion to suppress all evidence because it was the result of an illegal detention. "`When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.'" Allenbrand v. State, 217 Ga.App. 609, 458 S.E.2d 382 (1995). But, where the evidence is uncontroverted, as it is in this case, and no question about the credibility of witnesses is presented, the trial court's application of law to the undisputed facts is subject to de novo appellate review. Vansant v. State, 264 Ga. 319, 320, 443 S.E.2d 474 (1994).
Appellants argue that the stop was illegal because the officer had no reasonable, articulable suspicion that they were involved in any criminal activity.
There are three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause. In the first level, police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave.
(Citations and punctuation omitted.) McClain v. State, 226 Ga.App. 714, 716, 487 S.E.2d 471 (1997).
A first-tier encounter never intrudes upon any constitutionally protected interest since the purpose of the Fourth Amendment is not to eliminate all contact between police and citizens, but simply to prevent arbitrary and oppressive police interference with the privacy and personal security of individual citizens. Verhoeff [v. State, 184 Ga.App. 501, 503, 362 S.E.2d 85 (1987)]. On the other hand, a second-tier encounter may violate the Fourth Amendment if the officer briefly "stops" or "seizes" a citizen without reasonable suspicion. Reasonable suspicion exists when an officer has a particularized and objective basis for suspecting that a citizen is involved in criminal activity.
*895 State v. Folk, 238 Ga.App. 206, 207, 521 S.E.2d 194 (1999).
In this case, the encounter between the officer and the juveniles was a first-tier encounter. "It is well established that an officer's approach to a stopped vehicle and inquiry as to what is going on [do] not constitute a `stop' or `seizure' and `clearly falls within the realm of the first type of police-citizen encounter.'" Folk, supra at 207, 521 S.E.2d 194. In this case, A.A. had already stopped his truck; therefore, no "stop" occurred within the meaning of the Fourth Amendment. Id. The officer testified that he walked up to the truck and asked the occupants if any of them lived in the house. There was no seizure involved. That the officer's car was blocking or partially blocking the driveway is immaterial. See Keilholtz v. State, 261 Ga.App. 1, 3, 581 S.E.2d 660 (2003) (that one of the officers stood near the doorway during the encounter did not constitute a "seizure"). A.A. had stopped the truck and there was no evidence that A.A. was trying to back out of the driveway and could not do so.
Likewise, the officer's subjective belief that he had authority to detain the juveniles is not controlling. See, e.g., Garrett v. State, 259 Ga.App. 870, 875, 578 S.E.2d 460 (2002). The test is whether, in view of all the circumstances surrounding the incident, a reasonable person believes that he is not free to leave. Whisenant v. State, 239 Ga.App. 259, 260, 521 S.E.2d 204 (1999).
Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.
Id. at 260-261, 521 S.E.2d 204.
In this case, there is no evidence that the initial encounter was threatening or coercive. Folk, supra; McClain, supra at 716-717, 487 S.E.2d 471. Compare In the Interest of M.J. H., 239 Ga.App. 894, 522 S.E.2d 491 (1999) (a "seizure" occurred where officer pulled up in the parking lot, activated his emergency warning lights, and approached the truck with his hand on his firearm).
Once the officer smelled the odor of alcohol, saw the age of the truck's occupants, and observed the bloodshot eyes of the driver, the officer had the reasonable suspicion necessary to conduct a Terry stop. McClain, supra. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
2. Next, A.A. and J.H. contend that the State failed to prove the curfew violation beyond a reasonable doubt.
On appeal the evidence must be viewed in a light most favorable to support the findings and judgment of the juvenile court. In the Interest of A.D.C., 228 Ga.App. 829, 830, 493 S.E.2d 38 (1997). See also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "Moreover, the juvenile court judge, as trier of fact, resolves conflicts in the evidence, and this Court reviews only the sufficiency, not the weight, of the evidence. In the Interest of J.J. K., 232 Ga.App. 470, 502 S.E.2d 313 (1998)." In the Interest of T. H., 258 Ga.App. 416, 417, 574 S.E.2d 461 (2002).
Although commonly referred to as a curfew violation, the offense is that of being an "unruly child." An "unruly child" is statutorily defined as "a child who ... [w]anders or loiters about the streets of any city, or in or about any highway or any public place, between the hours of 12:00 Midnight and 5:00 A.M." OCGA § 15-11-2(12)(E). This Court has held that "wander" as used in this Code section means "to go about aimlessly and without purpose or destination, or in current vernacularhanging out or roaming the streets." In the Interest of T. H., supra at 420, 574 S.E.2d 461.
Appellants argue that this Code section applies only to pedestrians. They cite to no authority for this claim, and case law is to the contrary. See, e.g., In the Interest of B.J. G., 234 Ga.App. 285, 506 S.E.2d 449 (1998). The officer's testimony that the juveniles were pulling out of an elementary *896 school at 2:30 a.m. and that he followed them for some time until they randomly pulled into a driveway was sufficient to prove the offense beyond a reasonable doubt. In the Interest of A.D. C., supra.
3. Appellants also claim that the State failed to prove venue for the offenses of minor in possession of alcohol. Appellants argue that no evidence was introduced as to where they actually possessed the alcohol. They claim that once the beer was in their stomachs, it ceased to be an alcoholic beverage. Again, appellants provide no authority for this statement, and indeed, well-settled case law is to the contrary. See, e.g., Krebsbach v. State, 209 Ga.App. 474, 433 S.E.2d 649 (1993); Lee v. State, 201 Ga.App. 827, 828, 412 S.E.2d 563 (1991); Hadaway v. State, 190 Ga.App. 5, 6, 378 S.E.2d 127 (1989). The officer testified that his encounter with appellants and their subsequent arrest occurred in Fayette County. This was sufficient to prove venue beyond a reasonable doubt.
4. A.A. claims that the State failed to prove "per se" DUI with lawfully admissible evidence. He argues that the State failed to lay the proper foundation before introducing the results of the Intoxilyzer test. Specifically, he contends that the State failed to prove the Intoxilyzer 5000 was in good working order and was operating with all its components attached. But, the only objection raised at trial was that no foundation was laid because "[i]t didn't show anything about his [(the officer administering the test)] training on the machine." Accordingly, any objection as to the working order of the machine was waived. Jenkins v. State, 198 Ga.App. 843, 844, 403 S.E.2d 859 (1991).
The transcript shows that after counsel objected because no foundation was laid as to the officer's qualifications, the witness and the prosecutor both stated that they had "it," by which we presume they meant the officer's valid permit to operate the Intoxilyzer. Appellants' counsel did not respond to these statements and the judge said, "All right. Go for it." We cannot tell from the transcript whether the prosecutor ever produced the certificates. But, because appellants fail to cite to the transcript or make any argument concerning the State's failure to lay a foundation as to the officer's permit to use the machine, we must assume there was no abuse of discretion in the court's admission of the evidence. See Jenkins, supra.
5. Next, A.A. contends that there was insufficient evidence that he possessed marijuana. He points out that one of the other minors admitted to bringing the marijuana and the other occupants of the truck had equal access to it.
The evidence was that C.U. admitted that she brought the marijuana that night and told the officer that they "had smoked it all." C.U. was sitting in the front seat with A.A. The "pipe" used to smoke the marijuana was found under the driver's seat and marijuana was found on the floor of the truck between the driver's seat and the passenger's seat. The location of the marijuana and the pipe, together with C.U.'s testimony that "they" smoked it, was sufficient for a rational trier of fact to find that A.A. possessed marijuana beyond a reasonable doubt. See In the Interest of A.D.C., supra.
6. In their last enumeration, A.A. and J.H. claim the trial court erred in not granting their motion for supersedeas bond and in issuing a protective order against the parents of A.A. With regard to the supersedeas, appellants filed an emergency motion in this Court requesting a supersedeas bond. This Court denied the motion but remanded it to the juvenile court for further proceedings because that court may have denied the supersedeas bond based on an erroneous legal conclusion. Appellants decided not to pursue their motion in the juvenile court. Accordingly, they are bound by that decision.
With regard to the protective order, this was never argued or even mentioned in the court below. Issues not raised and ruled on by the trial court may not be considered on appeal. See Milton v. State, 252 Ga.App. 149, 555 S.E.2d 818 (2001).
Judgments affirmed.
MILLER and ELLINGTON, JJ., concur.