## A10A1136. BUSH v. THE STATE.
(699 SE2d 899)

PHIPPS, Presiding Judge.

Thomas Bush was convicted of possession of cocaine with intent to distribute. On appeal, he contends that the evidence was insufficient to support his conviction and that the trial court erred in restricting his cross-examination of a witness, admitting cocaine evidence for which the state had not established a chain of custody, and improperly sentencing him. Finding no merit in these contentions, we affirm.

1. Bush challenges the sufficiency of the evidence to support his conviction. Viewed in the light most favorable to the verdict,[1] the evidence showed that on March 15, 2005, Atlanta Police Department officer D. Sutton was conducting surveillance of an area in which there had been complaints of drug activity. Sutton, who had participated in numerous drug investigations over a nine-year period, observed Bush put atop a wall a substance that he suspected was crack cocaine. Another person approached, took the substance from the wall, and gave Bush some money. Bush then walked away, accompanied by a third person. Sutton called for a "takedown unit," which arrived and apprehended Bush and his companion.

Sutton watched the apprehension from a distance of about 30 feet through binoculars. He saw that Bush's right hand was clenched in a fist. Sutton observed Bush put his right hand through an opening in a wrought iron fence and drop some items. One of the apprehending officers, Lori Buttery, also had observed Bush place his closed right hand through the fence, and when she handcuffed him moments later his hand was open. On the ground on the other side of the fence, where Bush had inserted his hand, Buttery found what she suspected was "three hits of crack cocaine in a very small area right together." The substance subsequently tested positive for cocaine.

---

[1] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

OCGA § 16-13-30 (b) provides in pertinent part that it is unlawful to possess a controlled substance with the intent to distribute it.[2] The evidence that cocaine was found on the ground, where Bush had been observed dropping what appeared to officers to be cocaine, permitted a rational trier of fact to infer that Bush had been in possession of the cocaine.[3] Moreover, immediately before Bush's apprehension, Sutton had witnessed Bush appearing to sell crack cocaine to another person. This evidence permitted a rational trier of fact to infer that Bush had the intent to distribute the cocaine that he dropped when he was apprehended.[4] The evidence was sufficient under the standard of *Jackson v. Virginia*[5] to authorize the finding that Bush was guilty of possession of cocaine with intent to distribute.

2. Bush contends that the court improperly limited his cross-examination of Sutton.[6] During that cross-examination, the state moved to restrict Bush from asking the officer about criminal charges brought against other persons involved in the underlying incident. Bush objected to this motion on the ground that he wanted to use the anticipated answers to impeach the officer. After hearing further argument by both sides on the issue, the court granted the state's motion.

The limitation imposed by the court concerned only the issue of charges brought against other parties; otherwise, Bush's counsel was allowed to and in fact did continue to cross-examine the officer and to attempt to impeach the officer with prior inconsistent statements. Nevertheless, Bush argues that this limitation prevented him from demonstrating that "one of the other parties may have sold the drugs to the purchaser." A criminal defendant may introduce evidence that another person committed the crime for which he is tried, but the proffered evidence must raise a reasonable inference of the defendant's innocence.[7] Bush did not show that allowing cross-examination about whether another party was charged with the offense of selling

---

[2] See OCGA § 16-13-26 (1) (D) (identifying cocaine as a Schedule II controlled substance).

[3] See *Smith v. State*, 285 Ga. App. 399, 400 (1) (646 SE2d 499) (2007) (officer's observation of defendant throwing crack pipe to ground, combined with testimony that pipe tested positive for presence of cocaine, provided ample direct evidence that defendant was in possession of cocaine).

[4] See *Sams v. State*, 197 Ga. App. 201, 202 (1) (397 SE2d 751) (1990) (evidence that defendant had sold cocaine earlier on day in question supported conviction for possession of cocaine with intent to distribute). See generally *Harper v. State*, 285 Ga. App. 261, 265 (1) (b) (645 SE2d 741) (2007) (intent to distribute may be shown in many ways, and no bright line rule exists regarding the amount or type of evidence sufficient to support such conviction).

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] See OCGA § 24-9-64 ("The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him.").

[7] *Scott v. State*, 281 Ga. 373, 376 (3) (637 SE2d 652) (2006).

cocaine would have raised a reasonable inference that Bush was not guilty of the separate offense of possession of cocaine with intent to distribute. Accordingly, we find that the court did not manifestly abuse its discretion in limiting Bush's cross-examination of Sutton.[8]

3. Bush contends that the court erred by admitting the cocaine into evidence because the state failed to prove its chain of custody. "Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution."[9] The Supreme Court of Georgia has held that the state can meet this burden even if one of the persons in control of a fungible substance does not testify at trial.[10]

Here, Buttery testified that she retrieved the cocaine at the scene, placed it in a clear evidence bag, and gave it to Sutton. Sutton testified that, pursuant to the routine course of handling evidence, he transported the evidence bag to the police department. Another officer testified that he retrieved the evidence bag from a police department lockbox and transported it to the state crime lab. The forensic chemist who received and analyzed the evidence at the lab testified that there was no sign of tampering with the evidence bag. We find that this testimony satisfied the state's burden of proving chain of custody and that Bush's contention that Sutton did not specifically state that he put the evidence bag in a lockbox goes to the weight and credit a factfinder assigns to the evidence, rather than to its admissibility.[11]

4. Bush contends that the court failed to exercise its discretion in sentencing him.[12] The court originally sentenced him as a recidivist to 40 years confinement, 20 to serve, but subsequently vacated this sentence and resentenced him as a recidivist to 20 years confinement.

Bush argues that the court did not exercise discretion in imposing its initial sentence, based on a remark during sentencing that the court was "obligated to give [Bush] 40 years." Regardless of what occurred in connection with Bush's initial sentencing, however,

---

[8] See *Davis v. State*, 253 Ga. App. 803, 807 (10) (560 SE2d 711) (2002) (scope of cross-examination is in trial court's discretion, which is reviewed on appeal for manifest abuse).

[9] *Palmer v. State*, 250 Ga. 219, 222 (3) (297 SE2d 22) (1982) (citation omitted).

[10] See id.

[11] See *Simmons v. State*, 299 Ga. App. 21, 24 (2) (681 SE2d 712) (2009) (state need not negate every possibility of tampering, but need only establish reasonable assurance of identity of evidence; when there is only bare speculation of tampering, it is proper to admit evidence and let any remaining doubt go to weight and credit assigned to evidence by factfinder).

[12] See *Scott v. State*, 248 Ga. App. 542, 545-546 (2) (545 SE2d 709) (2001) (trial court's failure to exercise discretion in sentencing was harmful error requiring vacation of sentence and remand of case for resentencing).

there is nothing in the record showing that the court failed to exercise its discretion when it imposed the sentence now before us on appeal. Moreover, the 20-year sentence imposed by the court on resentencing was within the court's discretion, as it fell within the statutory limits for the offense for which Bush was convicted.[13] "In the absence of any affirmative showing to the contrary, and here, there is none, the trial court is presumed to have properly exercised its discretion in imposing sentence."[14]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED AUGUST 19, 2010.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Lenny I. Krick*, Assistant District Attorney, for appellee.

---

[13] See OCGA § 16-13-30 (d); see also OCGA § 16-13-26 (1) (D).

[14] *Johnson v. State*, 259 Ga. App. 452, 457 (4) (576 SE2d 911) (2003); see *Marshall v. State*, 294 Ga. App. 282, 284 (2) (668 SE2d 892) (2008).