A11A1936. ROSS v. THE STATE.
(722 SE2d 411)

MCFADDEN, Judge.

Wayne Ross appeals from his convictions for sale of cocaine, possession of cocaine with intent to distribute and obstruction of an officer. Because Ross received effective assistance of trial counsel and the sentence imposed by the trial court was lawful, we affirm.

Construed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that on April 20, 2006, Ross sold cocaine to a confidential informant working with police. Approximately three months later, on July 14, 2006, a deputy sheriff stopped Ross for failing to maintain his lane when she saw the car he was driving swerve over the centerline on a two-lane road. After checking Ross' driver's license and insurance, the officer asked if she could search his vehicle, and Ross consented to the search. As Ross got out of the car, he slipped something out of his pocket, attempted to hide it from the deputy and then ran away from the scene. The deputy yelled for him to stop, but he continued to flee with what appeared to be a clear plastic sandwich bag in his hand. Ross ran behind a nearby house, and the officer chased after him. Ross then reappeared, walking

casually back around the house. As the deputy placed him under arrest, two people came from the back of the house and said that Ross had thrown something onto the top of the house. Other officers arrived at the scene, and the arresting officer then found and retrieved a plastic sandwich bag, which contained approximately three grams of crack cocaine, from the roof of the house.

Based on the foregoing, Ross was indicted for sale of cocaine, possession of cocaine with intent to distribute, obstruction of an officer and failure to maintain his lane. He was also indicted for another count of allegedly selling cocaine two days prior to the April 20, 2006 sale. The jury acquitted Ross of that earlier alleged sale of cocaine and of failure to maintain his lane, but found him guilty of the April 20 cocaine sale, possession with intent to distribute and obstruction. The trial court sentenced Ross as a recidivist to consecutive life terms for the two drug offenses and to a concurrent twelve-month term for the obstruction offense. Ross' motion for a new trial was denied, and he appeals.

1. Ross contends that his trial counsel was ineffective in failing to file a motion to sever the two sale of cocaine charges from the possession with intent to distribute charge, failing to file a motion to suppress the cocaine found on the roof of the house, failing to object when the cocaine was introduced into evidence and failing to object to the state's motion that he be sentenced as a recidivist. To establish ineffective assistance of counsel, Ross must show both that his counsel's performance was deficient and that his defense was prejudiced to the extent that, but for that deficient performance, a reasonable probability exists that the outcome of the trial would have been different. *Lacey v. State*, 288 Ga. 341, 343 (4) (703 SE2d 617) (2010). Ross, however, is unable to make both required showings.

(a) "[T]he decision regarding whether to file a motion to sever is a matter of trial tactics and strategy, and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective. [Cit.]" *Clowers v. State*, 299 Ga. App. 576, 579 (2) (c) (683 SE2d 46) (2009). Here, trial counsel testified at the motion for new trial hearing that, after discussing the issue with Ross, they decided as a matter of trial strategy not to seek a severance. They believed that one of the sale of cocaine counts was very weak and that the possession with intent to distribute charge was also flawed since the drugs were not found in Ross' actual possession. So they hoped that the cumulative effect of the weakness of those counts would dominate the case and result in acquittals for all three drug charges; indeed, Ross was acquitted of one of the sale counts. Ross presented no evidence to contradict counsel's testimony concerning the trial strategy.

Moreover, Ross has

> fail[ed] to show that a motion to sever would have been granted. Such decisions are within the discretion of the trial court, and a defendant must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.

(Citations and punctuation omitted.) *Robinson v. State*, 312 Ga. App. 736, 743 (3) (a) (719 SE2d 601) (2011). Because Ross has shown neither deficient performance nor prejudice based on the tactical decision not to file a motion to sever, he has failed to establish ineffective assistance of counsel.

(b) Ross contends that trial counsel should have moved to suppress evidence because he was illegally detained after the traffic stop. However, the officer's uncontradicted testimony that she observed the car failing to maintain its lane "provided the reasonable suspicion necessary to support the traffic stop. Further, during such a valid traffic stop, [the officer] could properly request consent to search the vehicle and could properly ask the occupant[ ] to exit the vehicle and provide identification." (Citation omitted.) *Rogue v. State*, 311 Ga. App. 421, 423 (715 SE2d 814) (2011). In this case, there is no evidence that the officer's request to search the vehicle imposed any substantive delay of the lawful traffic stop. On the contrary, it appears from the officer's testimony that immediately after checking Ross' license and insurance, she asked for and obtained Ross' consent to search the vehicle, after which he fled from the scene. Thus, contrary to Ross' argument, there was no illegal detention that would have supported a motion to suppress. See *Hammont v. State*, 309 Ga. App. 395, 398 (710 SE2d 598) (2011) (trial court properly denied motion to suppress where officer's request for consent to search vehicle did not delay traffic stop); *Proctor v. State*, 298 Ga. App. 388, 390 (2) (680 SE2d 493) (2009) (no Fourth Amendment violation where driver gives consent during lawful traffic stop).

"When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion. [Cit.]" *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003). Since Ross cannot make such a strong showing, his ineffectiveness claim must fail.

(c) Ross argues that trial counsel was deficient in not objecting to the admission of state Exhibit 5, which was the cocaine allegedly sold by Ross on April 20, 2006, because the envelope containing the

cocaine indicated that it had been recovered on April 18, 2006. Ross claims trial counsel should have objected to the admissibility of the exhibit based on this discrepancy in dates, reasoning that the state could not have established that it was the same cocaine that was seized and that there had been no tampering with the evidence. But such a chain of custody argument "goes to the weight and credit a factfinder assigns to the evidence, rather than to its admissibility." (Citation omitted.) *Bush v. State*, 305 Ga. App. 617, 619 (3) (699 SE2d 899) (2010). Accordingly, an objection to the admissibility of the evidence would have been unavailing, and "[t]he failure to pursue a futile objection does not amount to ineffective assistance." (Citation omitted.) *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008).

(d) Ross argues that trial counsel erred in not objecting to the state's notice of its intent to seek recidivist sentencing because the notice was not given to the defense prior to the start of the trial. But that claim ignores trial counsel's testimony at the motion for new trial hearing that he received the notice on the first day of trial before the jury was picked and that he discussed the notice with Ross because at that point there was still a plea offer from the state. Counsel further testified that he had been aware of Ross' criminal history, that the state had provided him with a copy of Ross' Georgia Crime Information Center report, and that there was nothing that surprised him in the state's notice of its intent to introduce his prior record in aggravation of sentencing.

OCGA § 17-16-4 (a) (5) provides that "[t]he prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders *but in no event later than the beginning of the trial*, provide the defendant with notice of any evidence in aggravation of punishment that the state intends to introduce in sentencing." (Emphasis supplied.) Here, although the state did not give notice ten days before trial, it clearly did give notice to Ross before the beginning of the trial. See *Shindorf v. State*, 303 Ga. App. 553, 557 (4) (694 SE2d 177) (2010) (trial court may permit the state to provide notice any time prior to trial; notice four days before trial timely). "The important requirement is that the defendant be given an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain any conviction record." (Citations and punctuation omitted.) *Evans v. State*, 290 Ga. App. 746, 748 (2) (660 SE2d 841) (2008). Given that trial counsel was aware of Ross' criminal record, that he received the state's notice prior to the start of the trial, that he was not surprised by its contents, and that Ross has made no showing that his prior convictions could have been rebutted or explained had counsel raised an objection to the timeliness of that notice, we find

no ineffective assistance of counsel. See generally *Gonzales v. State*, 286 Ga. App. 821, 828 (3) (d) (650 SE2d 401) (2007).

2. Relying on the same argument discussed above in Division 1 (d), Ross contends that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 because the state's notice of its intent to introduce evidence in aggravation of punishment was untimely. However, as noted above, the trial court may permit the state to provide notice to the defendant at any time before trial. *Shindorf*, supra. Moreover, the notice "was served on defense counsel on the first day of trial prior to the jury being sworn, and certified copies of the convictions were admitted without objection. Under these circumstances, any defects or untimeliness in the notice were waived." (Citation omitted.) *Howard v. State*, 297 Ga. App. 316, 318 (2) (677 SE2d 375) (2009).

3. Ross contends that the trial court's imposition of separate sentences for his current sale of cocaine and possession of cocaine with intent to distribute convictions is in conflict with OCGA § 17-10-7 (d), which provides that "[f]or the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment . . . shall be deemed to be only one conviction." Ross misunderstands the meaning of that Code section, which applies to the use of *prior* convictions to enhance the punishment of repeat offenders. It does not apply to the trial court's authority to impose separate sentences for Ross' *current* convictions of two distinct drug offenses committed on different dates. "Because [Ross'] sentence was within the statutory range and because the law allows separate and consecutive punishment for separate criminal transactions, the trial court did not err in [sentencing Ross]." *Simpson v. State*, 310 Ga. App. 63, 64 (715 SE2d 675) (2011).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012.

*Edgar A. Callaway, Jr.*, for appellant.
*Fredric D. Bright, District Attorney, Alison T. Burleson, Assistant District Attorney*, for appellee.