### 5913. HAMMOND *v.* THE STATE.

Even if the accusation charged an offense (and it appears from the record that it did not), there was not sufficient evidence upon which to base a judgment of guilty. The mere fact that the mortgagor of certain hogs, alleged to be running at large, failed to comply with a voluntary promise to catch and deliver these hogs to the officer, so as to enable the officer to levy a mortgage fi. fa., is not a circumstance of such probative value as to exclude every other reasonable hypothesis than that the mortgagor did not own the hogs in question at the time he executed the mortgage, and that his representations of ownership, made at that time, were fraudulent.

Decided December 22, 1914.

Misdemeanor; from city court of Cairo—Judge Singletary. July 25, 1914.

*M. L. Ledford, L. W. Rigsby,* for plaintiff in error.
*W. J. Willie, solicitor,* contra.

Russell, C. J. The accused was tried in the city court of Cairo under the following accusation: "In the name and behalf of the citizens of Georgia, I, W. J. Willie, solicitor of the city court of Cairo, charge and accuse Tom Hammond with the offense of a misdemeanor, for that the said defendant, in the county aforesaid, on the 19th day of March, in the year 1914, with force and arms, then and there did unlawfully, knowingly, fraudulently, deceitfully, and wrongfully represent and executed a certain mortgage on certain hogs to the Roddenbery Hardware Company, a corporation, to wit, three black shoats and one white shoat. Said representations were knowingly false and made for the purpose of procuring merchandise

from the said Roddenbery. Hardware Company, to wit, one set of harness of the value of $6.00. Said false and fraudulent representations were made to defraud and deceive, and did defraud and deceive, the said Roddenbery Hardware Company in the sum of $6.00, contrary to the laws of said State, the good order, peace, and dignity thereof." The judge tried the case without the intervention of a jury, and found the defendant guilty. The defendant filed a motion for a new trial, alleging that the verdict was without evidence to support it; and, to the judgment overruling the motion, the defendant excepts.

The prosecuting officer evidently intended to base the accusation upon section 703 of the Penal Code, and thus to make the gist of the offense false representations, with the intent to defraud the prosecutor by obtaining credit; but the accusation as it appears in the record does not charge the defendant with having made any false representation as to his respectability, wealth, or mercantile correspondence or connections; nor in fact is he charged with making any representation whatever. It is charged that he "did unlawfully, knowingly, fraudulently, deceitfully, and wrongfully represent and"—represent what?. Nothing. Hence, no crime is charged. If the accusation had asserted that the defendant made false representations as to his ownership of the property mortgaged, and thus defrauded the prosecutor (as the State by testimony attempted to show that he did), then the accusation would have charged a crime; but as it appears in the record it is fatally defective.

However, no point was raised as to the sufficiency of the accusation; and if the accusation be treated as good in law, the issue to be decided is whether the evidence adduced on the trial was sufficient to authorize a conviction. We are of the opinion that it was not. The only evidence as to the falsity of the representations was that of a constable who undertook to levy a fi. fa. based upon the foreclosure of the mortgage on the hogs described therein, and who testified that he called on the defendant for the hogs and was thereupon told by the defendant that they were in the woods, but that he (the defendant) would get them up for him. Two days later the constable called again for the hogs and they had not been gotten up by the defendant. Neither the constable nor any one else testified that the defendant did not have the hogs at the time of

the giving of the mortgage or at the time of the foreclosure, or even at the time of the trial. The constable, according to his own testimony, never made any search for the hogs. The defendant, in his statement at the trial, admitted the giving of the mortgage, and in fact admitted all that had been testified in behalf of the State. He stated, however, that he had the property when the mortgage was given, and still had it, and that but for the fact that his employer had promised to settle the matter for him after the mortgage was foreclosed and before his arrest, and had refused to allow him to stop his work to get the hogs up for the constable, he would have kept his promise to that officer. He was arrested on the day on which the officer called the second time for the property, and he was in jail from that time until his trial, and he stated that for this reason he was unable to produce the hogs after his arrest.

To convict one under section 703 of the Penal Code, the State must show that the representations made were false and fraudulent and that a loss was occasioned thereby. There was no evidence whatever that the defendant's original statement as to his ownership of the hogs was false. No witness even attempted to deny the truth of the defendant's statement. It devolved upon the State to show that his representation as to his ownership at the time of the giving of the mortgage was false. The defendant gave a very plausible excuse for his failure to carry out his promise to the officer. His failure to make actual delivery of the mortgaged property to the officer would not subject him to criminal liability; and the mere fact that he failed to do so, under the circumstances in proof, would not raise a presumption that he did not have the property at the time he executed the mortgage. He entered upon the trial with the presumption of innocence in his favor. The only evidence offered on which to base a conviction was circumstantial. To warrant a conviction on such evidence the proved facts not only must be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis than that of the guilt of the accused. The circumstances in this case are certainly reconcilable with the hypothesis of the defendant's innocence. Circumstances which would authorize a bare conjecture of guilt are not in any case sufficient to warrant a conviction.

*Judgment reversed. Broyles, J., not presiding.*