493 S.E.2d 38 (1997)
228 Ga. App. 829
In the Interest of A.D.C., a child.
No. A97A1694.
Court of Appeals of Georgia.
October 16, 1997.
Jeffrey W. Cofer, Jonesboro, for appellant.
Robert E. Keller, District Attorney, Elizabeth N. Scarbrough, Assistant District Attorney, for appellee.
BIRDSONG, Presiding Judge.
Appellant A.D.C. appeals from the judgment of delinquency entered by the juvenile court. The petition for delinquency averred appellant's commission, as a party to the crime, of manufacturing, distributing, dispensing, or possessing marijuana in, on or near public or private schools in violation of OCGA § 16-13-32.4, by unlawfully possessing with intent to distribute marijuana in, on, or within 1,000 feet of Lovejoy High School, a public school.
Appellant enumerates two errors: the trial court's failure to grant a motion for directed verdict due to the state's failure to carry its burden of proof, as mere presence at the crime scene is insufficient to prove appellant was a party to the crime; and the trial court's failure to acquit appellant since the state failed to carry its burden in a circumstantial evidence case, because a reasonable *39 hypothesis of innocence remained due to lack of evidence and following appellant's unrebutted testimony. Held:
On appeal the evidence must be viewed in a light most favorable to support the findings and judgment. An appellate court determines sufficiency of the evidence; and it does not weigh the evidence or determine witness credibility. In the Interest of C.T., 197 Ga.App. 300, 301(2), 398 S.E.2d 286. Where a juvenile is charged with an offense which would constitute a crime if committed by an adult, the standard of proof in the lower court is "beyond a reasonable doubt." Id., citing In the Interest of C.D.L., 184 Ga. App. 412(1), 361 S.E.2d 527. To warrant an adjudication of commission of such an offense based "on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. However, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. Smith v. State, 257 Ga. 381, 382, 359 S.E.2d 662. Under this rule, the State is not required to remove every possibility of innocence of the crime charged. Ross v. State, 214 Ga.App. 697, 698, 448 S.E.2d 769.
Examining the evidence in this case, we find that there exists only a mere suspicion of appellant's participation as a party in the alleged offense. Marijuana was found on the presence of another boy who refused to testify at appellant's hearing. Appellant was in the same dressing room with the other boy and departed the area just before the marijuana was discovered on the other boy. However, appellant was not observed standing next to the other boy while he was in the dressing room. Appellant was subsequently searched and found to have $269 in his possession; he was not found to be in possession of any controlled substances. Appellant and his mother testified and offered a reasonable, unrebutted explanation for appellant's lawful possession of this amount of money. Mere presence at the scene of a crime will not support a finding that a person is a party to a crime. See Paden v. State, 216 Ga.App. 188, 189(1), 453 S.E.2d 788. Moreover, when a reasonable, unrefuted explanation is tendered for the possession of a significant amount of cash, mere possession of such cash, while being in the general vicinity of another person who has drugs in his possession, will not standing alone establish beyond a reasonable doubt that the party possessing the cash was also a party to the drug offense. Compare Paden, supra at 190(1), 453 S.E.2d 788. At most the evidence in this case creates a "suspicion" that appellant was involved in the drug offense. It is well-settled that "[a] bare suspicion of the defendant's guilt is not sufficient." Diggs v. State, 90 Ga.App. 853, 857(1), 84 S.E.2d 611. The evidence in this case was circumstantial; and "[t]he circumstances in this case are certainly reconcilable with the hypothesis of the defendant's innocence. Circumstances which would authorize a bare conjecture of guilt are not in any case sufficient to warrant a conviction." Hammond v. State, 15 Ga.App. 471, 473, 83 S.E. 860.
Moreover, the State has conceded "its failure to meet the burden of proof beyond a reasonable doubt." We commend the State for its candid assistance to this Court.
Judgment reversed.
RUFFIN and ELDRIDGE, JJ., concur.