## A97A2420. MAYES v. THE STATE.
(494 SE2d 34)

JOHNSON, Judge.

A jury found John Mayes guilty of possession of cocaine, aggravated assault and burglary. He appeals from the judgment entered on those convictions.

1. Mayes asserts trial counsel was ineffective for failing to file a timely motion to suppress evidence. Some factual background is necessary to understand this allegation of error. The victim in this case, Bertha Goodroe, was an 87-year-old woman who lived alone. When her caretaker arrived one morning, he rang the doorbell as usual, but got no response. The caretaker went to a neighbor's house, and the sheriff was called. When the sheriff arrived, they entered the house and found Goodroe on the floor covered with blood and bruises on her leg, ankle, neck and face. A screen door to the house had been cut, and a window on the porch was broken. The house had been ransacked. Goodroe was taken to the hospital for treatment. She never recovered sufficiently to be able to return to her home, and she died less than eight months later.

At about the same time the events described above were taking place, Mayes approached a woman as she was picking strawberries near Goodroe's house. The woman testified at trial that she had known Mayes since he was very small. Mayes offered to give her $20 to have sex with him. When she refused, he became abusive, calling her names. She noticed he had blood on his shirt and pants and was acting "very strange." After Mayes left, the woman reported the incident to the police, who stopped him shortly thereafter to question him. The officer testified he saw a bulge in Mayes' pocket and conducted a pat-down search for weapons. The officer pulled a small Bible out of Mayes' pocket, and as he did so, a razor blade with white residue on it fell to the ground. Mayes was taken to the jail for further questioning, both about this disorderly conduct incident and about an unrelated burglary which had occurred two nights before. The police asked Mayes if he would consent to giving a urine sample because it seemed like Mayes was "on something." Mayes agreed to give the sample, after which he was released.

At a hearing on the motion for new trial, trial counsel testified that she did not file a motion to suppress the cocaine found on the razor blade because the police chief told her that Mayes was under arrest at the time the razor blade was found. She concluded that the

search incident to the arrest was legal and a motion to suppress would have been without merit. After Mayes was arraigned, she testified, the police chief changed his opinion of the events, maintaining that Mayes had not been under arrest at the time. Counsel then filed a motion to suppress, but it was denied as untimely.

"It is clearly settled that the mere failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. . . . For example, it is not deficient to fail to file a motion which is frivolous. Even if a deficiency did result from trial counsel's failure to file a motion to suppress, [Mayes'] burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed." (Citations and punctuation omitted.) *Edwards v. State*, 224 Ga. App. 332, 334 (3) (a) (480 SE2d 246) (1997). Here, the cocaine was discovered as a result of an appropriate *Terry* pat-down frisk for weapons. Therefore, it is unlikely that the cocaine residue on the razor blade would have been suppressed even if trial counsel had known that Mayes was not in custody at the time it was found. It is uncontroverted in the record that Mayes consented to the urine screen. In this case Mayes cannot make the requisite strong showing that the evidence would have been suppressed had counsel made a timely motion to suppress.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Rogers v. State*, 210 Ga. App. 164 (2) (435 SE2d 457) (1993). The trial court's conclusion that Mayes' trial counsel was not ineffective for failing to file a timely motion to suppress was not clearly erroneous and will not be disturbed.

2. While Mayes was being interviewed and subsequently released, police were investigating the incident giving rise to this case. As a result of information learned during that investigation, Mayes was picked up again some two hours after his release, as a suspect in this case. Mayes gave a custodial statement in which he described his activities the previous day. In the course of his statement he admitted that he had used crack cocaine in the past, but had not used any for approximately one month. On appeal Mayes argues that the trial court erred in allowing his character to be placed into issue by the use of his statement regarding prior drug usage. We disagree. Mayes made the statements regarding his prior cocaine use as part of his explanation of the reasons he would not have committed the offense of possession of cocaine as alleged. The references went to motive, intent and course of conduct, and as such were material and admissible. See *Dampier v. State*, 245 Ga. 427, 433 (10) (265 SE2d 565) (1980). "Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character

in issue." (Citations and punctuation omitted.) *Thomas v. State*, 199 Ga. App. 49, 50 (3) (404 SE2d 315) (1991). See *Greer v. State*, 199 Ga. App. 106, 107 (1) (403 SE2d 825) (1991).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 29, 1997 —
RECONSIDERATION DENIED NOVEMBER 14, 1997 —

*Hagler, Hyles, Adams & McKenna, Clark C. Adams, Jr.*, for appellant.

*J. Gray Conger, District Attorney, Edwin L. Albright, E. Wayne Jernigan, Jr., Assistant District Attorneys*, for appellee.