A98A0741. IN THE INTEREST OF J. J. K., a child.
(502 SE2d 313)

RUFFIN, Judge.

The Juvenile Court of Bibb County found J. J. K., a minor, guilty of three counts of aggravated assault and adjudicated him delinquent. J. J. K. appeals from the juvenile court's judgment, asserting that there was insufficient evidence to find him guilty of the crimes charged. For reasons which follow, we affirm.

"On appeal the evidence must be viewed in a light most favorable to support the findings and judgment. . . . Where a juvenile is charged with an offense which would constitute a crime if committed by an adult, the standard of proof in the lower court is 'beyond a reasonable doubt.' [Cit.]" *In the Interest of A. D. C.*, 228 Ga. App. 829, 830 (493 SE2d 38) (1997). Moreover, conflicts in the evidence are decided by the trier of fact, which was the juvenile court judge. See *M. J. W. v. State of Ga.*, 133 Ga. App. 350, 351 (1) (210 SE2d 842) (1974). And, " 'where issues of fact are in conflict, this court passes only on the sufficiency and not on the weight of the evidence. (Cit.)' [Cit.]" Id. See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997).

Viewed in a light most favorable to uphold the juvenile court's judgment, the evidence shows that juveniles Anthony Lundy, Kenny Mays, and Frederick Stephens were walking together on a street in Macon on April 14, 1997 when a Cadillac drove up and several of the Cadillac's occupants fired weapons at the boys, wounding Lundy in the left leg. Lundy testified at trial that there were four occupants in the car, and all were wearing black bandannas on their faces such that he could not recognize them. According to Lundy, the occupants of the car were also wearing "black shirts and stuff" which was an indication that they were in a gang called the Folks or the Mafia. The occupants also yelled "Mafia 931" as they drove up alongside Lundy and his friends. Lundy said that he knew J. J. K. was in the Folks gang, but he could not say that J. J. K. was one of the occupants of the car.

Kenny Mays also testified at trial, agreeing with Lundy that a Cadillac drove alongside them and that the occupants in the car were wearing black and white clothes, were yelling "931, Mafia" and shot at them. However, he said that the occupants were not wearing bandannas, as Lundy stated, but that they wore black and white hats. Mays said he knew J. J. K. and recognized him as one of the occupants in the car. He also testified that J. J. K. fired at them.

Frederick Stephens also testified that the incident took place on April 14. Stephens said that the occupants of the car, as they started shooting, yelled "931 Mafia for life." In a statement to police officers

after the incident, Stephens identified J. J. K. as one of the occupants in the car, stating that he recognized J. J. K. by his voice. At trial, Stephens testified that he recognized J. J. K. as one of the occupants, in part because he saw J. J. K.'s three gold teeth. He also testified that he saw J. J. K. fire a gun from the car.

At the close of the State's case, J. J. K. moved to dismiss the charges because the State failed to prove J. J. K.'s identity as one of the shooters beyond a reasonable doubt. The trial court denied the motion. J. J. K. then testified, denying that he was involved in the incident or that he was a member of any gang. The juvenile court ultimately found J. J. K. had committed the crimes.

While the three State witnesses contradicted each other regarding certain aspects surrounding the crime, and at times contradicted their own testimony, such conflicts were matters of credibility for the factfinder to resolve. *In re M. J. W.*, supra; *Howard*, supra. And, regardless of these conflicts, there was competent evidence elicited at trial to prove each element of the State's case: that J. J. K. was an occupant of the car, that he shot at Lundy and his friends, and wounded Lundy. *Howard*, supra. See OCGA § 16-5-21. Accordingly, we find that there was sufficient evidence from which any rational trier of fact could conclude that J. J. K. was guilty beyond a reasonable doubt of aggravated assault. *In the Interest of A. D. C.*, supra; *Jackson*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 5, 1998.

*Michael L. Randolph*, for appellant.
*Charles H. Weston, District Attorney, Jeffrey N. Powers, Howard Z. Simms, Assistant District Attorneys*, for appellee.

