A98A0970. IN THE INTEREST OF B. J. G., a child.
(506 SE2d 449)

RUFFIN, Judge.

The Juvenile Court of Fayette County found B. J. G., a minor, committed the offenses of violating curfew (OCGA § 15-11-2 (12) (E)) and possession of alcohol by a minor (OCGA § 3-3-23) and adjudicated her a delinquent child. B. J. G. appeals, challenging the sufficiency of the evidence and asserting that the juvenile court improperly convicted her of a crime, failed to issue an order adjudicating her a delinquent child, and failed to hold a dispositional hearing. For reasons which follow, we affirm.

1. " 'On appeal the evidence must be viewed in a light most favorable to support the findings and judgment. . . . Where a juvenile is charged with an offense which would constitute a crime if committed by an adult, the standard of proof in the lower court is "beyond a reasonable doubt." (Cit.)' *In the Interest of A. D. C.*, 228 Ga. App. 829, 830 (493 SE2d 38) (1997). Moreover, conflicts in the evidence are decided by the trier of fact, which was the juvenile court judge. [Cit.] And, ' "where issues of fact are in conflict, this court passes only on the sufficiency and not on the weight of the evidence. (Cit.)" (Cit.)' " *In the Interest of J. J. K.*, 232 Ga. App. 470 (502 SE2d 313) (1998).

Viewed in a light most favorable to support the juvenile court's judgment, the evidence shows that B. J. G. and her family lived in Peachtree City, Georgia. At approximately 1:30 a.m. on July 29, 1997, officers from the Peachtree City Police Department went to B. J. G.'s house to speak with her father concerning several juveniles who had left the house the night before and been arrested for DUI. While they were talking to B. J. G.'s father, B. J. G. drove up in her vehicle with two other juveniles as passengers. None of the juveniles was wearing a seatbelt, and they were out past the 12:00 a.m. curfew imposed by OCGA § 15-11-2 (12) (E). One of the officers testified at trial that he spoke with B. J. G. that night and noticed that her breath smelled of alcoholic beverages. He also noted that she had bloodshot and watery eyes. According to the officer, B. J. G. admitted that she drank a beer with her father at their house at approximately 9:00 p.m. that evening. B. J. G. was subsequently charged with the curfew violation and underage alcohol possession violations.

B. J. G. denied at trial that she drank alcohol or smelled of alcohol on the night in question. B. J. G.'s father testified that he did not see his daughter drink alcohol, did not smell alcohol on her breath,

and did not give her anything alcoholic to drink. Finally, one of B. J. G.'s friends testified that he was with her that evening and did not see her drink alcohol.

Although there is a conflict in the evidence, we find that there was sufficient evidence from which any rational trier of fact could conclude beyond a reasonable doubt that B. J. G. committed the offenses of which she was charged. See *In the Interest of J. J. K.*, supra; *Dickerson v. State*, 193 Ga. App. 605, 606 (2) (388 SE2d 736) (1989).

2. B. J. G. asserts that "[t]he petition for delinquency and the order of probation executed by the juvenile court judge, are based upon allegations that the child committed offenses which are criminal[, and a] juvenile cannot commit a criminal offense." Other than a possible assertion that the juvenile court improperly convicted her of criminal acts as opposed to adjudicating her a delinquent child, it is unclear from this enumeration and the appellate brief what alleged error B. J. G. is claiming. And, our review of the record reveals no error.

The record shows that the State filed two petitions for delinquency which alleged that B. J. G. violated OCGA §§ 15-11-2 (12) (E) and 3-3-23 and consequently was a "delinquent/unruly child." The petitions make clear that B. J. G. was charged with delinquent acts, which are defined as acts "designated [crimes] by the laws of this state, or by the laws of another state if the [acts] occurred in that state, under federal laws, or by local ordinance. . . ." OCGA § 15-11-2 (6) (A). The juvenile court conducted the trial and found that B. J. G. committed the offenses. In its order, the juvenile court ruled that B. J. G. "is found to have committed the offense of OCGA § 3-3-23 Possession of Persons Under 21 of Alcoholic Beverage, and OCGA § 15-11-2 Curfew Violation, and this juvenile is, therefore, a delinquent child." In the Order of Probation, the juvenile court found that B. J. G. committed the offenses and that she is "in a state of delinquency/unruliness and in need of treatment, rehabilitation or supervision." Accordingly, it is abundantly clear that the State charged B. J. G. with committing delinquent acts, that the juvenile court concluded that she committed the delinquent acts, and that the juvenile court appropriately entered an order adjudicating her a delinquent child. There is simply no evidence that the juvenile court convicted B. J. G. of a crime.

3. In a separate enumeration of error, B. J. G. contends that the juvenile court erred because it did not enter an order on the adjudicatory hearing. This assertion is without merit. As we concluded in Division 2, the juvenile court did in fact enter an order finding that

B. J. G. committed the offenses and was a delinquent child.[1]

4. B. J. G. asserts that the juvenile court erred in failing to conduct a dispositional hearing after adjudicating her a delinquent child. We disagree.

OCGA § 15-11-33 (c) provides that "[i]f the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent or unruly, it shall proceed immediately or at a later time to conduct a dispositional hearing for the purpose of hearing evidence as to whether the child is in need of treatment, rehabilitation, or supervision and shall make and file its findings thereon."

At the conclusion of the trial in this case, the juvenile court judge stated "[w]ell, I find that she did commit the offense. And the dispositional phase, have you ever been up here before?" B. J. G's attorney, answering on B. J. G.'s behalf, responded in the negative. The judge then asked B. J. G. if she had ever been charged with underage drinking before and whether she had previously been on probation. Based in part on B. J. G.'s responses to these questions, the juvenile court placed her on probation. Given this evidence, we find that the juvenile court did conduct a dispositional hearing, albeit a brief one. See *D. C. A. v. State of Ga.*, 135 Ga. App. 234 (217 SE2d 470) (1975). As B. J. G.'s only assertion of error in this regard is that the juvenile court did not conduct the dispositional hearing, there is nothing remaining for this Court to review.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 9, 1998.

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.
*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.

---

[1] The remaining assertion in this enumeration of error is not supported in the brief by citation of authority or argument and is, accordingly, deemed abandoned. Court of Appeals Rule 27 (c) (2).