A05A1926. IN THE INTEREST OF J. D. G., a child.
(629 SE2d 397)

RUFFIN, Chief Judge.

Fifteen-year-old J. D. G. was charged with possessing marijuana and possessing methamphetamine. He moved to suppress the evidence, asserting that it was procured during an illegal search. The trial court denied the motion, but granted a certificate for immediate review. Finding no error, we affirm.

On appeal from a ruling on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court.[1] "[T]he trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous."[2] Viewed in this manner, the evidence shows that on the evening of January 4, 2005, Deputy Tammy Higgins of the Walker County Sheriff's Office observed J. D. G. and another minor rattling the front door of a house in an attempt to enter. Higgins, who knew there had been some break-ins in the area, called the two boys to her, and they climbed over a cinder block wall and walked toward her.

While speaking with the boys, Higgins noticed cigarettes littering the path the boys had taken. Although it had been raining that day, the cigarettes were dry. Higgins left the two boys talking to another law enforcement officer, whom the boys apparently knew, as she retraced their steps. When she reached the cinder block wall, Higgins discovered a cellophane bag that appeared to be from a cigarette package that contained marijuana. According to Higgins, the bag was "dry and warm to [her] touch."

Although the two boys denied ownership of the marijuana, "they were taken into custody" and charged with possession. Higgins testified that, incident to the arrest, she searched J. D. G. Initially,

---

[1] See *Wright v. State*, 272 Ga. App. 423, 424 (1) (612 SE2d 576) (2005).
[2] Id.

she patted him down. However, J. D. G. kept fidgeting and putting his hand in his pocket. Accordingly, before Higgins handcuffed him, she reached into his pocket to ensure he was not armed. At that time, Higgins discovered a small plastic bag that contained a white powdery substance which, when field-tested, was positive for methamphetamine.

J. D. G. moved to suppress the methamphetamine evidence Higgins discovered, arguing that since he was not under arrest at the time Higgins searched him, the evidence was illegally seized. The trial court rejected this argument, finding that the search was "lawful and was incident to a lawful arrest."

Under Georgia law, "[w]hen a lawful arrest is effected[,] a peace officer may reasonably search the person arrested and the area within the person's immediate presence for the purpose of discovering or seizing the fruits of the crime for which the person has been arrested."[3] Here, J. D. G. contends that, notwithstanding Higgins' testimony that she was placing him under arrest, he was not legally arrested because there were "no external indication[s]" of such an arrest, such as a statement to J. D. G. that he was under arrest.

J. D. G. appears to advocate for a "bright line" rule to determine when a suspect is actually under arrest for purposes of a search incident to the arrest. However, there is no "bright line" rule when it comes to determining whether a person has been placed under arrest under these circumstances.[4] Rather, the appropriate inquiry is whether, at the time of the allegedly improper search, the officer had probable cause to arrest the suspect.[5] In this case, Higgins' discovery of the cellophane bag of marijuana, which was still warm to the touch, gave her probable cause to arrest J. D. G., and she was thus authorized to search him incident to that arrest.[6] It follows that the trial court properly denied his motion to suppress.[7]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 25, 2006 —
RECONSIDERATION DENIED APRIL 7, 2006 — 

*Jennifer M. Nelson, David J. Dunn, Jr., Sarah Gerwig-Moore*, for appellant.

---

[3] (Punctuation omitted.) *Bond v. State*, 271 Ga. App. 849, 853 (2) (610 SE2d 609) (2005).

[4] See *State v. Jones*, 245 Ga. App. 763, 766 (2) (538 SE2d 819) (2000).

[5] See id.; *Wright*, supra at 428 (3); *Satterfield v. State*, 251 Ga. App. 141, 144 (553 SE2d 820) (2001).

[6] See *Satterfield*, supra.

[7] See id. at 144-145.

*Herbert E. Franklin, Jr., District Attorney, Aleksandra I. Jagiella, Assistant District Attorney*, for appellee.