693 S.E.2d 574 (2010)
In the Interest of T.M., a child.
No. A10A0211.
Court of Appeals of Georgia.
April 1, 2010.
*575 Jimmonique R.S. Rodgers, Fort Gordon, for appellant.
Gwendolyn Keyes Fleming, Dist. Atty., Elisabeth G. MacNamara, Asst. Dist. Atty., for appellee.
ELLINGTON, Judge.
In May 2007, the Juvenile Court of DeKalb County adjudicated then sixteen-year-old T.M. delinquent based upon offenses which, if committed by an adult, would have constituted the crimes of carrying a weapon on school property, OCGA § 16-11-127.1(b); possession with intent to distribute marijuana on school property, OCGA § 16-13-32.4(a); and obstruction of a law enforcement officer, OCGA § 16-10-24(a). On appeal,[1] T.M. contends that the evidence was insufficient to support his adjudication and that he received ineffective assistance of counsel. Finding no error, we affirm.
1. T.M. contends that the evidence was insufficient to support his adjudication of delinquency based upon possession of marijuana with intent to distribute. He argues that the only evidence that he possessed marijuana was circumstantial and that the State failed to exclude every other reasonable hypothesis that could explain what occurred in this case.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a *576 reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.
(Citation, punctuation and footnote omitted.) In the Interest of B.M., 289 Ga.App. 214, 214-215, 656 S.E.2d 855 (2008).
To warrant an adjudication of delinquency based "on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "However, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. Under this rule, the State is not required to remove every possibility of innocence of the crime charged." (Citations omitted.) In the Interest of A.D.C., 228 Ga.App. 829, 830, 493 S.E.2d 38 (1997). Moreover, "[w]hether a hypothesis is reasonable is a question for the finder of fact, and such finding will not be disturbed on appeal unless the guilty verdict is unsupportable as a matter of law." (Citation and punctuation omitted.) In the Interest of G.J., 251 Ga.App. 299, 300, 554 S.E.2d 269 (2001). See also In the Interest of Q.P., 286 Ga.App. 225, 226, 648 S.E.2d 731 (2007) ("The determination of whether an alternate theory of innocence constitutes a mere possibility or a reasonable hypothesis is left to the discretion of the factfinder.") (footnote omitted).
Viewed in favor of the court's adjudication, the evidence showed the following facts. On May 2, 2007, a campus security supervisor at the DeKalb Alternative School was patrolling the school's parking lot shortly after school had been dismissed. The supervisor observed T.M., who was a student at the school, approach another student, J.J., in the parking lot and hand him something. The supervisor asked J.J. what T.M. had given him. J.J. responded that he did not want to go to jail and showed what was in his hand, a clear plastic bag that contained marijuana. The supervisor called the school's police officer and transported both students to the school's security office.
After talking to the security supervisor and the students, the officer decided to charge T.M. with possession of marijuana. She then searched him and found a cell phone in his pants pocket. The security supervisor removed the back of the cell phone and found a razor blade hidden inside. When asked about the razor blade, T.M. denied any knowledge of it. Then, as the officer attempted to put handcuffs on T.M., he became belligerent and uncooperative, stating that he was not going to jail and raising one hand above his head. When he continued to resist the officer's efforts to handcuff him, the officer subdued him with pepper spray.
T.M. also testified and denied giving J.J. the marijuana, claimed that J.J. attempted to pass the marijuana to him just before the security supervisor discovered it, and denied any knowledge of the razor blade.
In denying T.M.'s motion for a new trial, the juvenile court specifically found that T.M.'s trial testimony was not credible and did not establish a reasonable hypothesis for why J.J. was in possession of the marijuana. Instead, the court concluded that, given the security supervisor's actual observation of the hand-to-hand exchange of something from T.M. to J.J. and the discovery of marijuana in J.J.'s hand immediately thereafter, the only reasonable hypothesis arising from these facts was that T.M. was in possession of the marijuana before passing it to J.J.
As noted above, the determination of the credibility of witnesses and the weight of the evidence is solely within the province of the finder of fact, as is the determination of the reasonableness of a hypothesis that suggests something other than the defendant's guilt. T.M. has failed to demonstrate that the court abused its discretion when ruling on these issues. Consequently, we conclude that the evidence was sufficient to support the adjudication of delinquency on the offense of possession with intent to distribute marijuana and that the juvenile court did not err in denying T.M.'s motion for new trial on this basis. See In the Interest of Q.P., 286 Ga. *577 App. at 226-227, 648 S.E.2d 731 (affirming the adjudication of delinquency for possession of marijuana when the evidence showed that, during an investigation of another crime, an officer observed the defendant kneeling on the ground next to the open back door of a car with his hands on the floorboard; the officer subsequently discovered marijuana on the floorboard).[2]
2. T.M. contends that his counsel provided ineffective assistance when she failed to raise a legal challenge to the search of T.M. by the officer, which search resulted in the seizure of the sole evidence of the weapons charge and precipitated the obstruction of justice charge. T.M. challenges the juvenile court's conclusion that the officer's search was legal and, therefore, that counsel was not ineffective for failing to move to suppress the evidence, arguing that there were inconsistencies between the testimony given by the State's witnesses at trial and at the motion for new trial hearing. According to T.M., the evidence required a finding that he had not been placed under arrest before he was searched, so the search was not incident to arrest, and, because the officer lacked probable cause to arrest prior to the search, the subsequent discovery of the razor blade did not validate the otherwise invalid search.
To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that counsel's performance falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.
(Citation, punctuation and footnote omitted.) Rouse v. State, 290 Ga.App. 740, 741(1), 660 S.E.2d 476 (2008). Further, the mere failure to file a suppression motion does not constitute per se ineffective assistance of counsel. Mayes v. State, 229 Ga.App. 372, 373(1), 494 S.E.2d 34 (1997). To prevail on this claim, the defendant must make a strong showing that, if his lawyer had filed a motion to suppress, the trial court would have granted it. Id. T.M. has failed to meet this burden.
Pretermitting whether the witnesses' testimony was, in fact, inconsistent, the juvenile court, as the finder of fact in an adjudication proceeding, is solely responsible for resolving evidentiary conflicts and inconsistencies. In the Interest of B.S., 284 Ga.App. 680, 682(2), 644 S.E.2d 527 (2007); see also In the Interest of J.D.G., 278 Ga.App. 672, 629 S.E.2d 397 (2006) ("On appeal from a ruling on a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court. The trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous.") (punctuation and footnotes omitted).
When determining the validity of a search incident to an arrest, "the appropriate inquiry is whether, at the time of the allegedly improper search, the officer had probable cause to arrest the suspect." (Footnote omitted.) In the Interest of J.D.G., 278 Ga. App. at 673, 629 S.E.2d 397. In this case, the juvenile court was authorized to conclude that, regardless whether the officer had actually placed T.M. under arrest prior to the search, the evidence of T.M.'s possession of marijuana had already established the requisite probable cause for the officer to arrest him. Thus, the court properly found that, because the probable cause for the arrest already existed and was not dependent upon the proceeds of the search (the razor blade), the search was lawful. Consequently, T.M. has failed to make a strong showing that, if his lawyer had filed a motion to suppress based upon an illegal search, the juvenile court would have granted it. Mayes v. State, *578 229 Ga.App. at 373(1), 494 S.E.2d 34. As a result, he cannot prevail on his claim of ineffective assistance of counsel. Id.
Judgment affirmed.
ANDREWS, P.J., and DOYLE, J., concur.
NOTES
[1] On appeal from the original judgment, this Court remanded the case back to the juvenile court for a hearing on T.M.'s claim of ineffective assistance. Following a hearing, the court denied T.M.'s motion for new trial, and this appeal followed.
[2] Cf. In the Interest of A.D.C., 228 Ga.App. at 830, 493 S.E.2d 38 (reversing the defendant's adjudication of delinquency based on insufficient evidence because the State showed only that the defendant was present in a dressing room with another boy just before marijuana was found on the other boy; there was no evidence that the defendant was standing near the boy while in the dressing room or that the defendant ever had any drugs in his possession, and the defendant offered a reasonable, unrebutted explanation of why there was $269 in his possession).