## A10A0939. BOYKINS-WHITE v. THE STATE.
(701 SE2d 221)

ELLINGTON, Judge.

In March 2006, a Lowndes County jury found Jamaal Boykins-White guilty beyond a reasonable doubt of two counts of armed robbery, OCGA § 16-8-41, and two counts of possession of a firearm during the commission of a crime, OCGA § 16-11-106. He appeals from the denial of his motion for new trial, contending that he received ineffective assistance of counsel. For the following reasons, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following. Between 11:00 p.m. and midnight on August 2, 2004, two armed robberies occurred at separate Valdosta-area Sonic restaurants. The first robbery was committed at approxi-

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

mately 11:15 p.m. by three black males, at least two of whom were armed. The second robbery was committed close to midnight by two armed males. Within minutes, an officer responding to the second armed robbery report observed a black male in a ditch near the scene of the second robbery. The man was crawling on the ground and removing his pants. At 12:22 a.m., the officer arrested the man, who was later identified as the appellant, Boykins-White, and patted him down for safety. A search incident to the arrest produced both loose and paper-clipped cash totaling $1,165. Similar to the cash stolen from the Sonic locations, the paper-clipped cash was joined by denomination. The officer also found pants consistent with those worn by one of the robbers lying near where he first observed Boykins-White. Officers subsequently searched the area near the second robbery location, in the direction that the robbers had run following the robbery, and they found discarded clothing, coins, a cash register, and a gun.

Boykins-White was subsequently transported to the Lowndes County jail. After being incarcerated, he made at least two phone calls that were automatically recorded by the jail's phone call monitoring system. At the beginning of each phone call, as well as during each phone call, a recorded message notified the caller that the call may be recorded or monitored. During the phone calls, Boykins-White made a series of incriminating statements, including admissions that he was involved in the robberies. At trial, the State played the recorded phone conversations for the jury.

In addition to this evidence, the State tendered into evidence the cash found in Boykins-White's possession. Also, one of Boykins-White's co-defendants pleaded guilty to armed robbery and testified against him at trial. During the presentation of the defense, despite the trial court's admonitions, Boykins-White fired his trial counsel after counsel failed to object to the relevancy of certain evidence elicited by the State during the cross-examination of a defense witness.[2] The appellant then represented himself for the remainder of the trial.

Boykins-White appeals his conviction and the denial of his motion for new trial, contending that he received ineffective assistance of counsel and that the trial court erred in finding otherwise.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's

---

[2] Notably, trial counsel was appointed to represent the appellant after the appellant told his prior appointed counsel that he no longer wanted his representation; that attorney was allowed to withdraw.

performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003).

1. Boykins-White asserts that his trial counsel was ineffective for failing to interview potential witnesses and to subpoena them prior to trial. However, Boykins-White failed to call the potential witnesses to testify at the motion for new trial hearing or otherwise make a proffer as to the substance of their testimony in order to show that the witnesses' testimony would have been relevant, admissible and favorable to his defense. See *Strong v. State*, 275 Ga. 465, 466 (2) (a) (569 SE2d 523) (2002) (because the defendant failed to produce the witness or the witness' affidavit at the motion for new trial hearing, there was no probative evidence that the witness would have testified for the defense at trial and that his testimony would have been exculpatory). In light of this failure, it is unnecessary to evaluate whether counsel's performance was deficient for failing to interview witnesses or subpoena them prior to trial, because Boykins-White has not established the second prong of the *Strickland* test, that counsel's performance was prejudicial to his defense. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), [an appellant] is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case. The failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the [appellant]. Because appellant failed to make any proffer of the uncalled witnesses' testimony, it is impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different. It cannot possibly be said that the

additional witnesses would have testified favorably to appellant.

(Citations, punctuation and footnote omitted.) Id. Therefore, Boykins-White's claim for ineffective assistance on the basis of counsel's failure to call witnesses must fail. Id.

2. Boykins-White contends that his trial counsel was deficient for failing to conduct an adequate pre-trial investigation. Boykins-White acknowledges that trial counsel reviewed 262 pages of discovery provided by the State. However, he contends that counsel should have also requested additional DNA testing, as well as conducted further investigation of his case generally.

(a) With regard to the DNA testing, trial counsel testified at the motion for new trial hearing that, after the State disclosed that the results of DNA testing of certain items recovered from the scene were favorable to Boykins-White, he was concerned that testing of other items of clothing might implicate his client. "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). The trial court was authorized to conclude that counsel's decision not to request further DNA testing was a reasonable trial tactic under the circumstances. Moreover, Boykins-White failed to demonstrate during the motion for new trial hearing that the results of the additional DNA testing would have been favorable to his defense. Therefore, this ineffectiveness claim must fail.

(b) Further, during the motion for new trial hearing, Boykins-White failed to produce any evidence to show that there was a reasonable probability that the outcome of his trial would have been different if counsel had conducted additional investigation. As a result, the appellant's ineffective assistance claim based on the failure to conduct a more thorough investigation must also fail. *Strickland v. Washington*, 466 U. S. at 687.

3. Boykins-White argues that his trial counsel was ineffective for failing to present his primary defense of alibi. During the motion for new trial hearing, however, trial counsel testified that the appellant had admitted to him that he had committed the armed robberies. Trial counsel also testified that Boykins-White "intended to take the stand and lie [and] to put up witnesses [who] were going to lie" regarding his whereabouts at the time of the robberies. As a result of these revelations, trial counsel sought the advice of the State Bar of Georgia. The State Bar instructed trial counsel that he must make

sure that he did nothing in furtherance of the lie.[3] Counsel also discussed the issue with the trial judge outside the presence of the jurors. Counsel then attempted to question the defense witnesses in a way that was consistent with the instructions provided by the State Bar and by the trial judge.

Under Georgia law,

> [t]he decision not to call an alibi witness who may perjure herself [or himself] is a reasonable trial strategy, as well as an ethical obligation. As trial counsel is precluded from assisting his client in presenting perjured testimony, we reject [his] claim that his attorney was ineffective on that basis.

(Punctuation and footnotes omitted.) *Hill v. State*, 290 Ga. App. 140, 147 (5) (i) (658 SE2d 863) (2008).

4. Boykins-White contends that his counsel provided ineffective assistance by failing to file a motion to suppress the cash seized during the officer's search of his clothing. Boykins-White argues that the evidence required a finding that he had not been arrested before he was searched, and, therefore, the search was not authorized as a search incident to arrest. According to Boykins-White, trial counsel should have moved to suppress the evidence on that basis.

The mere failure to file a suppression motion does not constitute per se ineffective assistance of counsel. *Mayes v. State*, 229 Ga. App. 372, 373 (1) (494 SE2d 34) (1997). Rather, the defendant must make a strong showing that, had his lawyer filed a motion to suppress, the trial court would have granted it. Id. As shown below, Boykins-White has failed to meet this burden.

When addressing the legality of a search incident to arrest, "the appropriate inquiry is whether, at the time of the allegedly improper search, the officer had probable cause to arrest the suspect." (Footnote omitted.) *In the Interest of J. D. G.*, 278 Ga. App. 672, 673 (629 SE2d 397) (2006).

> A warrantless arrest is constitutionally valid if at the time of the arrest the arresting officer has probable cause to believe the accused has committed or is committing an offense. Probable cause exists if the arresting officer has knowledge and reasonably trustworthy information about facts and circumstances sufficient for a prudent person to believe the accused has committed an offense. The test of

---

[3] Rule 3.3 (a) (4) of the Georgia Rules of Professional Conduct clearly states that a lawyer shall not knowingly offer evidence that the lawyer knows to be false.

probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility.

(Punctuation and footnotes omitted.) *Burgess v. State*, 290 Ga. App. 24, 26 (658 SE2d 809) (2008).

In this case, the arresting officer was alerted of an armed robbery, and he immediately proceeded to drive toward the scene. The alert notified the officer that two black males were suspected of the robbery and that the suspects were running toward a nearby pond. Upon reaching an area near the pond, the officer got out of his vehicle and scanned the area. The officer then observed a black male, who later identified himself as Boykins-White, crawling in a ditch and removing his pants. The officer ran toward Boykins-White with his gun drawn and ordered him to show his hands. The officer handcuffed Boykins-White and conducted a pat-down for his safety. When the officer touched Boykins-White's groin area, he felt what he believed to be money stuffed into Boykins-White's underwear, and Boykins-White spontaneously stated, "it's my money."

The information that police officers receive via a radioed alert regarding a suspect's appearance and location may serve as part of the basis for establishing probable cause. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). In this case, all of the information available to the officer at the time he handcuffed and patted down Boykins-White, including the information gathered from the radioed alert, could lead a reasonably prudent person to conclude that Boykins-White was one of the men who robbed the nearby Sonic restaurant. Id. Because the evidence supports a finding that probable cause to arrest existed before the officer searched Boykins-White, he has failed to make a strong showing that, if trial counsel had filed a motion to suppress, the trial court would have granted it. *Mayes v. State*, 229 Ga. App. at 373 (1).

5. Boykins-White argues that his trial counsel was ineffective for failing to file a motion to suppress recordings of conversations he had while using the jail's phone. We disagree.

(a) The record shows that trial counsel's failure to file a motion to suppress was a conscious decision that was based on the advice of a number of other attorneys with whom he consulted, as well as his own investigation into the matter. As previously stated, counsel's reasonable trial tactics and strategy do not amount to ineffective assistance of counsel. *Grier v. State*, 273 Ga. App. at 365 (4). In fact, Boykins-White's prior counsel had not filed a motion to suppress the phone conversation recordings, either. This supports a finding that trial counsel's strategy was reasonable. Because trial counsel made a reasonable strategic decision not to file a motion to suppress, there can be no ineffective assistance claim based on his failure to do so.

(b) Further, Boykins-White has failed to show that there is a reasonable likelihood that the trial court would have granted the motion to suppress if trial counsel had filed the motion to suppress. OCGA § 16-11-62 (4) prohibits any person from intentionally and secretly intercepting a telephone call by use of any device, instrument or apparatus. *Smith v. State*, 254 Ga. App. 107, 108 (2) (a) (561 SE2d 232) (2002). However, OCGA § 16-11-66 (a) provides an exception to this rule where one of the parties to the communication has given prior consent.[4] Id. Such consent can be either express or implied. This Court has found implied consent to the recording of a phone call when an inmate is told at the beginning of the telephone conversation that the call is subject to being monitored or recorded. Id. at 109 (2) (a). In this case, it is undisputed that Boykins-White was told numerous times during his phone calls that the calls could be recorded or monitored. This is sufficient to establish Boykins-White's implied consent regarding the recording of his phone conversations. Given this implied consent, Boykins-White has failed to demonstrate that the trial court would have granted a motion to suppress filed by counsel, so he cannot prevail on this ineffective assistance claim. *Mayes v. State*, 229 Ga. App. at 373 (1).

6. Finally, to the extent that Boykins-White attempts to challenge on appeal the constitutionality of the statute that authorizes the telephone monitoring and recording, the record shows that Boykins-White failed to raise the challenge in the court below and, as a result, failed to elicit a ruling by the trial court on the issue. Therefore, he has waived his right to appellate review of this issue. See *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005) ("We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection, even of a constitutional magnitude, which were not raised and determined in the trial court.") (footnote omitted).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 7, 2010 — 

*Smith, Hannan & Parker, Bradley M. Hannan,* for appellant.

---

[4] See also OCGA § 16-11-62 (2) (A) ("[I]t shall not be unlawful . . . [t]o use any device to observe, photograph, or record the activities of persons incarcerated in any jail, . . . provided that such equipment shall not be used while the prisoner is discussing his or her case with his or her attorney[.]").

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.