**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 27, 2012**

# In the Court of Appeals of Georgia

A12A0032. IN THE INTEREST OF K. F., A CHILD

BARNES, Presiding Judge.

K. F. was adjudicated delinquent for acts which would have constituted theft by receiving stolen property, three counts of burglary, and one count of attempted burglary if committed by an adult. He was also adjudicated delinquent for possession of a firearm by a person under 18. The juvenile court sentenced him as a designated felon and committed him to the custody of the Department of Juvenile Justice for five years in restrictive custody in a youth detention center. K. F. appeals, contending that his counsel was ineffective, and that the juvenile court abused its discretion in sentencing him as a designated felon.[1] For the reasons that follow, we affirm.

---

[1] After K. F filed a notice of appeal of his adjudication, the trial court appointed new counsel to represent him on appeal. In Case No. A11A1461, we remanded the case for a hearing on the merits of his ineffective assistance claim. Following a

1. K. F. contends his trial counsel was ineffective by failing to communicate the State's plea offer to him and the evidence it planned to present, and that had he been informed he would have taken any recommendation for less than the five years he was sentenced.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that counsel's performance falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

*In the Interest of T. M.*, 303 Ga. App. 322, 324-325 (2) (693 SE2d 574) (2010). In the context of the plea process, "the proper question at the prejudice step is whether [K. F.] demonstrated that, but for counsel's deficient performance, there is a reasonable probability that he would have accepted the State's plea offer." *Cleveland v. State*, 285 Ga. 142, 145 (674 SE2d 289) (2009).

---

hearing on K. F.'s ineffectiveness claim, the juvenile court determined that K. F. failed to overcome the presumption of effective assistance of counsel.

A defendant "is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance." *Lloyd v. State*, 258 Ga. 645, 648 (2) (a) (373 SE2d 1) (1988). Moreover, "(p)rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered." *Cleveland v. State*, 285 Ga. 142, 144 (674 SE2d 289) (2009).

At the ineffective assistance hearing, K. F.'s trial counsel testified that she met with K. F. from 10 to 12 times, with the last visit occurring the day before the trial. She testified that she discussed the facts of his case extensively with K. F., including the discovery as it became available, and that she was confident that K. F. understood all of the evidence against him. Trial counsel testified that she "knew this would be a . . . designated felony, since it would be [K.F.'s] fourth felony" and that she explained to K. F. that he could receive a five-year sentence if adjudicated guilty, but that she worked out a plea offer of three years which she communicated to K. F. She testified that the first offer of three years was "early, on before the arraignment" and she conveyed the offer to K. F. that same day. Trial counsel testified that the three-

year offer was later rescinded, but that on the day of K. F.'s disposition, she convinced the State to renew the three-year offer but that K. F.'s parents thought that it was too much time and wanted to "leave it up to the judge." .

K.F. testified at the hearing that trial counsel visited him only twice, and never communicated any information about the evidence that would be presented at trial, or that the State had presented any plea offers. He testified that had he known about an offer for less time, based on the evidence the State had, and the five-year sentence he was facing, he would have pled guilty. Despite's K. F. 's testimony otherwise, the trial court was authorized to believe counsel's testimony over his. *Curry v. State*, 238 Ga. App. 511, 522 (5) (b) (519 SE2d 269) (1999).

2. K. F. also contends that the trial court erred in sentencing him as a designated felon. He maintains that the sentence was not warranted under OCGA § 15-11-63 because it was not in the best interest of the child, his past felony charges were non-violent, he has a loving and supportive home, the nature and circumstances of his current offense were not serious, and none of the victims were present when the crimes were committed.

"'Designated felony act' means . . . [an] act which, if done by an adult, would be a felony, if the child committing the act has three times previously been

4

adjudicated delinquent for acts which, if done by an adult, would have been felonies." OCGA § 15-11-63 (a) (2) (B) (vii). "Where a child is found to have committed a designated felony act, the order of disposition . . . shall include a finding based on a preponderance of the evidence as to whether . . . the child does or does not require restrictive custody under [OCGA § 15-11-63]." OCGA § 15-11-63 (b).

To determine whether restrictive custody is warranted, the juvenile court must consider and make written findings about these factors: (1) the needs and best interest of the child; (2) the record and background of the child; (3) the nature and circumstances of the offense, including whether any injury sustained by the victim was actually inflicted by the child or another; (4) the need to protect the community; and (5) the age and physical condition of the victim. OCGA § 15-11-63 (c); *In the Interest of J. W.*, 306 Ga. App. 339, 341 (3) (702 SE2d 649) (2010). The weight to be accorded each factor, and the ultimate decision about whether restrictive custody is warranted, is committed to the sound discretion of the juvenile court. *In the Interest of I. C.*, 300 Ga. App. 683, 686 (2) (a) (686 SE2d 279) (2009).

Here, the juvenile court's commitment order reflected that the court considered the factors in OCGA § 15-11-63, and found, among other things, that K. F. had three prior separate felony adjudications, and that although none of the burglary victims

were home when K. F. committed the crimes, "the victims uniformly express[ed] continuing ill ease in their homes." . Additionally, the juvenile court found that K. F. had a pistol during the commission of the crimes, had shown "no regard for anyone but himself" and that the community needed protection from him. In the order under the heading "The needs and best interests of the child," the juvenile court found that K. F. needs a more structured environment and has demonstrated that he cannot control his actions. It further found that it was in his best interest to receive control and assistance to prevent him from entering the adult system.

"The trial court's written findings must afford this Court a basis for meaningful appellate review by showing that the determination as to restrictive custody was not arbitrary, and that the court gave due consideration to each of the required statutory findings. The court's findings in this case were sufficient." *In the Interest of I. C.*, 300 Ga. App. 683, 686 (2) (a) (686 SE2d 279) (2009).

*Judgment affirmed. Adams and McFadden, JJ., concur.*